IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CARLINI, | ) | Case No. 3:17-cv-65 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| GLENN O. HAWBAKER, INC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is the Motion to Stay filed by Defendant Glenn O. Hawbaker, Inc. ("Hawbaker") (ECF No. 20). The Motion has been fully briefed (*see* ECF Nos. 21, 26) and is ripe for disposition. For the reasons that follow, the Court will **grant** Hawbaker's Motion.

### II. Jurisdiction

The Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

### III. Background

This employment dispute centers around Hawbaker's termination of Plaintiff's employment. Plaintiff claims that Hawbaker terminated her employment because of her

disability. (*See* ECF No. 1.) Hawbaker asserts that it terminated Plaintiff's employment because of insubordination. (*See id.* at ¶ 26.)

On March 2, 2017, Plaintiff sued Hawbaker in the Court of Common Pleas of Centre County. (ECF No. 21-2.) Plaintiff asserted two claims against Hawbaker: wrongful discharge and invasion of privacy. (*Id.*)

On April 18, 2017, Plaintiff sued Hawbaker in this Court. (*See* ECF No. 1.) Plaintiff asserts three claims against Hawbaker in this action: a claim for violation of the Equal Pay Act for receiving lower pay than similarly situated male employees, an Americans with Disabilities Act ("ADA") claim for disability discrimination, and a failure to accommodate claim under the ADA. (*Id.*) Plaintiff's ADA claims center around the allegation that Hawbaker discriminated against Plaintiff by terminating her employment. (*See, generally, id.*) Plaintiff seeks back wages on her Equal Pay Act Claim and "compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars, plus costs . . . back pay . . . [and] front pay" on each of her ADA claims. (ECF No. 1 at 7-10.)

Plaintiff's state court case proceeded to trial. On December 20, 2017, a jury returned a verdict in favor of Plaintiff on both of her state law claims and awarded Plaintiff $260,095.68 in compensatory damages and $2,000,000 in punitive damages. (ECF No. 21 at 3; *see also* ECF No. 26 at 2 (noting that the state court jury awarded Plaintiff "compensatory damages . . . due to her wrongful termination"); ECF No. 26-1 at 2 (noting that the jury awarded Plaintiff $260,059.68 in "compensatory damages" to "fairly compensate" Plaintiff

2

for "the harm and/or damages she sustained due to Glenn O. Hawbaker, Inc.'s wrongful termination.")

Hawbaker filed a Motion for Post-Trial Relief. (ECF No. 25-4.) Hawbaker argues, among other things, that the jury's compensatory damage award went against the weight of the evidence because of errors in Plaintiff's expert's calculations and that the damage award should have been reduced to reflect Plaintiff's settling her worker's compensation claim. (*Id.*) Hawbaker requests a new trial on damages and remittitur. (*Id.*) Hawbaker plans on appealing the state court verdict and damage award if it fails to obtain the post-trial relief that it seeks. (*See* ECF No. 21 at 5.)

On February 21, 2018, Hawbaker filed the pending Motion to Stay the federal action until the state courts resolve Hawbaker's post-trial motion and possible appeal.

## IV. Applicable Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Commw. Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis*, 299 U.S. at 254). As such, "the power to stay an action, in non-mandatory stay cases, is firmly within the discretion of the court." *First Am. Title Ins. Co. v. Maclaren, L.L.C.*, No. 10-CV-363, 2012 U.S. Dist. LEXIS 31508, at *13 (D. Del. Mar. 9, 2012) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by the granting of a stay. *Id.*

3

(citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). In doing so, a court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D. N.J. 2014). A court may also consider (5) the length of the requested stay. *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13 (M.D. Pa. Oct. 16, 2008).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

V. **Discussion**

The Court will analyze each of the five factors listed above. After weighing the competing interests presented in this case, the Court concludes that Hawbaker satisfied its burden of showing that the circumstances justify a stay.

1. **Undue Prejudice to Non-Moving Party**

The Court finds that a stay would not unduly prejudice Plaintiff or place her at a tactical disadvantage. Plaintiff's state and federal cases contain nearly overlapping factual issues—indeed, the central allegations in Plaintiff's state and federal cases are that she was

4

wrongfully terminated from her employment with Hawbaker.[1] Given that the cases present similar factual issues and Plaintiff has already received a large jury verdict in her state case, Plaintiff cannot convincingly contend that staying the federal case would cause her to suffer undue prejudice. Therefore, this factor weighs towards granting Hawbaker's Motion to Stay.

Plaintiff asserts that she will suffer undue prejudice if the Court stays her federal case because she might not actually receive any award for several years as her state court case navigates through the appellate process. (ECF No. 26 at 4-5.) While the Court is not insensitive to Plaintiff's predicament, the Court finds that the potential delay in Plaintiff's recovery does not constitute undue prejudice.

### 2. Hardship or Inequity to the Moving Party

Hawbaker would suffer undue hardship if the Court denied its Motion to Stay. Hawbaker would be required to expend time, energy, and resources to litigate issues before this Court—such as the proper methodology of calculating compensatory damages related to Plaintiff's wrongful termination—that are currently the subject of a post-trial motion in state court and that may be raised on appeal. Thus, Denying Hawbaker's Motion to Stay would unnecessarily permit simultaneous litigation of overlapping issues in multiple forums. Accordingly, this factor weighs towards granting Hawbaker's Motion to Stay.

---

[1] The Court notes that Plaintiff's federal case asserts a violation of the Equal Pay Act, which likely involves distinct factual issues that do not overlap with Plaintiff's state court claims. However, for the reasons explained in this Memorandum Opinion, the Court finds that the inclusion of the Equal Pay Act claim in Plaintiff's case before this Court does not tilt the scales in favor of denying Hawbaker's Motion to Stay.

### 3. Simplification of Issues

With respect to the third factor, the Court must consider "'whether a stay would simplify the issues and the trial of the case.'" *Akishev*, 23 F. Supp. 3d at 448 (quoting *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-CV-5743, 2013 U.S. Dist. LEXIS 135524, at *15 (D. N.J. Sept. 6, 2013)).

A stay would simplify the issues for trial. Plaintiff seeks compensatory damages for her ADA claims. As Hawbaker argues, Plaintiff cannot recover twice for injuries sustained as a result of her improper termination. Therefore, the ultimate resolution of Plaintiff's compensatory damage award in her state court case will influence the amount of damages that Plaintiff may recover before this Court.

Furthermore, the amount of compensatory damages available to a plaintiff informs the amount of punitive damages that may be awarded under the Due Process Clause. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.") Plaintiff seeks compensatory and punitive damages for her ADA claims before this Court. (ECF No. 1 at 7-10.) Because resolution of the issue of compensatory damages in the state court action will have an impact on the amount of compensatory damages Plaintiff may receive in her federal action, it will also necessarily guide the amount of punitive damages that Plaintiff may receive consistent with the Due Process Clause.

The Court additionally notes that granting Hawbaker's Motion to Stay could simplify the issues because *res judicata* may bar some of Plaintiff's claims.[2]

In sum, this factor weighs strongly towards granting Hawbaker's Motion to Stay.

### 4. Status of the Litigation

With respect to the fourth factor, "the Court evaluates Defendant['s] motion for a stay in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev*, 23 F. Supp. 3d at 448. "Courts are most likely to grant a stay when a case is in an early stage of litigation." *Destination Maternity Corp. v. Target Corp.*, 12 F.

---

[2] "The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action." *Bush v. Wexford Health Prof'l Servs.*, No. CIV.A. 13-1576, 2014 WL 295067, at *3 (W.D. Pa. Jan. 23, 2014) (Schwab, J.) (citing *In re Weisbrod & Hess Corp.*, 129 F.2d 114 (3d Cir. 1942)). Courts "may dismiss, *sua sponte*, claims barred by *res judicata* or claim preclusion." *Preston v. Vanguard Inv. Firm*, No. CV 17-820, 2017 WL 2664139, at *3 (E.D. Pa. June 20, 2017); *see Coulter v. Forrest*, No. 1:12-CV-02050, 2013 WL 11327113, at *3 (M.D. Pa. Nov. 26, 2013) ("A court may raise the doctrine of *res judicata sua sponte*.")

When federal courts are faced with the question of whether to give preclusive effect to a prior state court judgment, "[t]he governing law in such cases is the state law of claim preclusion from the state of the prior state court judgment." *Bush*, 2014 WL 295067, at *3 (citing 28 U.S.C. § 1738).

Under Pennsylvania law, "[a]pplication of the doctrine of res judicata requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." *Dempsey v. Cessna Aircraft Co.*, 439 Pa. Super. 172, 176 (1995). (internal citations omitted.) Courts determine the second factor—identity of the causes of action—"by considering the similarity in the acts complained of and the demand for recovery as well as the identity of the witnesses, documents and facts alleged." *Id.* at 177. Courts also consider "whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." *Id.* (internal citations and quotation marks omitted.)

Without deciding the issue, the Court observes that *res judicata* may preclude some of Plaintiff's claims before this Court. In fact, Plaintiff concedes that her state and federal cases involve "factually related" issues. (ECF No. 26 at 9.) Accordingly, a stay is warranted because resolution of the issues before the state court may preclude Plaintiff from raising certain of her claims before this Court, which would further narrow the issues before this Court.

7

Supp. 3d 762, 770 (E.D. Pa. 2014) (internal citation omitted). However, "[a] case need not be in its infancy to warrant a stay. Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Id.* (internal citations omitted).

The status of litigation factor is neutral. On the one hand, this factor seems to disfavor a stay because fact discovery has been completed. (ECF No. 26 at 8-9.) However, on the other hand, Plaintiff concedes that the "extensive fact discovery" was completed in the state case that "directly impacts, and is inextricably intertwined with, Plaintiff's ADA[] and PHRA claims in this case," (*id.* at 9), which corroborates Hawbaker's contention that "[t]here has been minimal case-specific discovery in this matter." (ECF No. 21 at 8.) Furthermore, while fact discovery has been completed, a significant amount of work remains for the parties and the Court because the case has yet to proceed to trial.

In conclusion, this factor is neutral and does not clearly weigh towards or against granting Hawbaker's Motion for a Stay.

E.  **Duration of the Stay**

This final factor weighs in favor of granting Hawbaker's Motion to Stay. Contrary to Plaintiff's assertion, the requested stay is not indefinite; it aligns with the state court's final resolution of the overlapping issues that will have a direct impact on the federal case. As this Court recently stated, "[t]he length of the stay is appropriate because it lasts no longer than the state court's prompt resolution of the same factual and legal issues . . . ." *Golden Gate Nat'l Senior Care, LLC v. Spoone for Estate of Spoone*, No. 3:17-CV-180, 2018 WL

8

502734, at *3 (W.D. Pa. Jan. 19, 2018) (Gibson, J.). Because the stay will last only as long as required for the state court to resolve the overlapping issues, the length of the requested stay is appropriate.

## VI. Conclusion

After examining the unique circumstances of this case and weighing the competing interests, the Court finds that a stay is warranted. Four of the five factors favor granting a stay. Most significantly, granting a stay will simplify the issues for trial given that the damage award that Plaintiff obtains in the state case will have a direct impact on the compensatory and punitive damages that Plaintiff may obtain before this Court. Accordingly, the Court will **grant** Hawbaker's Motion to Stay.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CARLINI, | ) | Case No. 3:17-cv-65 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| GLENN O. HAWBAKER, INC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 8th day of March, 2018, upon consideration of Hawbaker's Motion to Stay (ECF No. 20), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said motion is **GRANTED**.

1. The case shall be stayed until the final resolution of the damages issue in the state court case.

2. The parties are directed to file a motion to lift the stay when the state court reaches a final disposition of the damages issue.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE